PINEL v. PINEL.

REMAINDERS—TAXES, DUTY OF LIFE TENANT TO PAY—JUDGMENT —DECREE—EQUITY—LIFE ESTATES.

In a proceeding to enjoin waste by life tenants in which a decree was entered in favor of the complainants who had title to the remainder, requiring the life tenants to pay taxes due and interest on a mortgage upon the property, also providing that in case of failure to carry out the requirements of the decree complainants might apply to the court for any further order that might be necessary to protect their interests, the circuit court in chancery erred at the hearing of a petition to enforce the decree in refusing to receive or consider testimony of the defendant offered for the purpose of controverting the conclusions of the final order, which had been entered a number of years previously: defendant was entitled to attack the justice of the decree and to show any changes in circumstances that would make it inequitable to enforce it. OSTRANDER, J., dissenting in part.

Appeal from Macomb; Tucker, J. Submitted January 9, 1913. (Docket No. 46.) Decided March 26, 1914.

Petition by Thomas Pinel and Edgar O. Pinel against Rachel Pinel, Rachel Campsell and Charles W. Pinel to enforce the final decree in a suit between the same parties to enjoin waste by defendants. From a decree for complainants, defendant Rachel Pinel appeals. Reversed and remanded.

*Lynn M. Johnson,* for complainants.

*Devine & Snyder,* for defendant Rachel Pinel

BIRD, J. Charles T. Pinel, of Macomb county, died testate in the year 1885, leaving to his widow, Rachel

Pinel, who is now 83 years old, a life use of his farm, upon which there was an incumbrance of $5,000. This mortgage was subsequently reduced to $2,500. The sons Thomas and Edgar, complainants herein, are remaindermen. They had possession of and managed the farm until 1899, when the mother took possession. In 1901 the complainants filed a bill in chancery, making the defendants parties, charging the mother and her son Charles with waste, and with a failure to pay the interest and taxes, and praying for a decree forfeiting the life estate of their mother. A decree followed in January, 1902, in which defendants were ordered to pay all taxes due and to become due, and also to pay the interest which had accrued on the mortgage, and, in addition thereto, the decree gave certain directions with reference to operating said farm in conformity with the rules of good husbandry. It further provided:

"And it is further ordered, adjudged, and decreed that, in the case the said Charles W. Pinel and Rachel Pinel fail to comply with the terms and conditions of this decree, then said complainants are hereby authorized and permitted to apply to this court in this cause for such other and further orders and decrees as may be necessary to fully protect and preserve their remainder interest in said premises."

Nothing further appears to have been done until this petition was filed in August, 1911. The petition, after reciting the filing of the original bill, and the decree which followed, charges—

"That the installment of interest which fell due February 9, 1902, of $150, according to the terms of said mortgage and note, has not been paid, and also the installment of interest which fell due February 9, 1910, of $150, is past due and unpaid, and the said Charles W. Pinel and Rachel Pinel refused to pay either installment of interest so due and unpaid."

It is further alleged that the complainants, Thomas and Edgar Pinel, purchased said mortgage in August,

1910, and that they are now the owners of it. The petition concludes with the prayer:

(a) "That the life estate of said defendants Charles W. Pinel and Rachel Pinel may, for the reasons and acts hereinbefore set forth, be declared forfeited, and your petitioners entitled to a present estate in possession thereof, as if said Rachel L. Pinel had not been devised a life estate therein."

(b) "Or that said court may order said Charles W. Pinel and Rachel Pinel, or either of them, who hold said life estate, to forthwith pay said interest so due and unpaid as aforesaid, and, if they neglect so to do, then such life estate, or so much thereof as may be necessary, be sold under the order and decree of this honorable court, and the moneys obtained thereby be decreed to be used in the payment of said interest unpaid by said life tenant."

(c) "That said premises be kept up and worked and cared for in a husbandlike manner."

(d) "That your petitioner may have such other and further order and relief in the premises as equity and justice may require, and your petitioners will ever pray."

A disclaimer was filed by Charles W. Pinel, and an answer by Rachel Pinel was filed, denying that complainants were entitled to the relief prayed. and assigning nine objections to the validity and justice of the decree and proceedings thereon. These objections were overruled, and oral testimony was taken on behalf of the petitioners in support of the allegations contained in the petition. At the conclusion of the hearing, the chancellor made a decree that the defendants pay the sum of $250, the same being the delinquent interest on the mortgage for the years 1909 and 1910, within four months from service on her of a copy of the decree; and it further provided that, if Rachel Pinel shall default therein, her interest should be sold by the sheriff in the same manner, as near as may be, as real estate is sold upon execution.

Upon cross-examination of Thomas Pinel, one of the

petitioners, Mr. Snyder, counsel for the mother, attempted to go back into and controvert matters involved in the original decree. He was denied this right by the trial court, and such denial furnishes the basis for one of his complaints in this court.

Counsel's position is—

"That the (present proceedings), by virtue of their own force, opened the whole original cause, notwithstanding the (old) decree, and as a matter of right entitled her to bring forward and assert any defense which she might have made (to the original bill, or which might have arisen since), and that the original decree is as nothing, except as the court may feel persuaded by it to decide again in the same way under the opinion of this court in the case of *Terry* v. *McClintock*, 41 Mich. 492 [2 N. W. 787]."

The case cited by counsel is one wherein a bill was filed to enforce a decree of foreclosure which had been assigned to the complainant. The rights of a defendant and the power of the court in such cases are considered at some length by Mr. Justice GRAVES. In conclusion he says:

"The bill is considered as in affirmance and furtherance of the principle of the decree, and the decree is neither undone nor displaced by it, and generally the court will do nothing more than carry it out. The complainant in such a bill cannot impeach the decree, because that would be in direct contradiction of the theory of his proceeding. But he may sometimes have an omission or mistake corrected where that is necessary to maintain and effectuate the principle of the decree. The defendant, however, is not so restricted. His attitude in connection with the proceeding is not that of one urging the correctness of the principle of the decree, and his position does not hinder him from making it a question whether the court will enforce its judgment upon him. He has an abstract right to go back and controvert the decree; but he may ask that the entertainment of the application shall be subject to the condition that the justice of the decree as against him shall be considered.

"In fine it seems to have become settled that the court, acting on the maxim that he who asks equity ought to do it, will meet the call made by the complainant on its justice to execute its previous decree by an application of its equitable discretion to the circumstances to see whether the decree is one which it would be just to enforce, and if not, then to change it to meet the requirements of equity or refuse assistance altogether. But the court will not change the decree or withhold assistance under such a bill except in very unusual cases. Adams' Eq., *supra;* Lord Mansfield as reported by Buller, J., in *Galbraith* v. *Neville, supra.*"

Under this holding the defendant had the right to introduce testimony bearing upon the issues in the original hearing, and also to show any changes in conditions during the intervening years which would make it inequitable to enforce the decree.

The case might now properly be disposed of in this court were it not that defendant was prevented from getting her testimony on the record. For this reason, the case will be remanded for the purpose of taking such further testimony as the parties may desire. Defendant Rachel Pinel will recover her costs of this appeal; also her costs in the trial court.

McALVAY, C. J., and BROOKE, KUHN, STONE, MOORE, and STEERE, JJ., concurred with BIRD, J.

OSTRANDER, J. *(dissenting).* In my opinion no offer to attack the first decree, which the court should have recognized, was made.